# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JULIAN R. BLACKSHEAR,<br><br>                    Plaintiff,<br>v.<br><br>KEVIN KREMBS, PAUL S. KEMPER, MARCELO CASTILLO, CHRISTOPHER FURUMO, AMY EPPING, LAURA FRAZIER, KRISTIN VASQUEZ, JESSICA MODROW, and JOHN/JANE DOES,<br><br>                    Defendants. | Case No. 18-CV-1449-JPS<br><br>**ORDER** |

      On September 17, 2018, Plaintiff filed a complaint in this action. (Docket #1). Post-screening, Plaintiff's case was referred to Magistrate Judge Nancy Joseph for mediation. In light of the mediation and potential for early case resolution, Magistrate Judge Joseph ordered a stay of all deadlines. (Docket #13, #19). When mediation proved unsuccessful, Magistrate Judge Joseph referred the case back to this Court, with the stay still in place. (Docket #24). Plaintiff subsequently filed a declaration for entry of default. (Docket #33). Defendants responded that because the case schedule was stayed, Defendants have not defaulted. (Docket #34).

      On June 2, 2020, Defendants filed a motion for summary judgment on exhaustion grounds, (Docket #28), to which Plaintiff responded, (Docket #43), and Defendants replied, (Docket #45). Defendants also requested an additional stay of case deadlines until twenty-one (21) days *after* the Court rules on Defendants' motion for summary judgment. (Docket #27). The

Court treats Defendants' motion as one requesting a continuance of the stay of case deadlines and will grant their request.

Plaintiff also has filed a motion to appoint counsel. (Docket #26). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) the plaintiff has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court will reject any motion for appointment of counsel if the first element is not met. This requires, at minimum, that Plaintiff solicit multiple attorneys for representation and that he attach evidence of their refusal to undertake representation to the motion. The Court stresses that Plaintiff's efforts must be reasonable; Plaintiff does not satisfy this requirement by submitting a certain number of rejection letters. Plaintiff must make a good faith effort and show the Court that he has reached out to lawyers whose areas of practice suggest they might consider taking his case. If Plaintiff learns that the lawyers that he contacted are unable to assist him, he should reach out to other lawyers before he concludes that no one will help him.

Plaintiff has not made reasonable attempts to secure counsel. As evidence of his efforts to retain counsel, Plaintiff submitted four letters and one envelope from law firms to Plaintiff in response to his requests for representation. *See* (Docket #26-1 at 1–5). Plaintiff has submitted this specific evidence of his attempts to contact counsel not only in support of his motion to appoint counsel in *this* case but also in support of his motions

to appoint counsel in several other cases before this Court.[1] Such efforts are not reasonable. Plaintiff should have made efforts to contact different attorneys for each of his cases; if Plaintiff wanted one attorney to represent him in all of his cases before this Court, he should have made this explicitly clear to both the Court and Plaintiff's potential counsel.

Further, two of the four law firms indicate that they do not handle cases like Plaintiff's case, while two others suggest that they do not have the capacity or resources to do so. (Docket #26-1). The envelope submitted by Plaintiff only shows the Court that the Plaintiff received a letter from a law firm. (*Id.* at 3). As discussed above, Plaintiff needed to show that he made additional efforts. Therefore, the Court denies Plaintiff's motion to appoint counsel. (Docket #26).

Accordingly,

**IT IS ORDERED** that Defendants' motion to continue the stay of the deadlines in this case until twenty-one (21) days after the Court rules on Defendants' motion for summary judgment (Docket #27) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2020.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] Plaintiff has submitted the same evidence of his attempts to contact legal counsel in each the following cases before this Court: 18-CV-1445, 18-CV-1447, 18-CV-1448, 18-CV-1449, 19-CV-252, 19-CV-276, and 19-CV-1455.