# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JULIAN R. BLACKSHEAR,<br><br>                Plaintiff,<br><br>v.<br><br>KEVIN KREMBS, PAUL S. KEMPER, MARCELO CASTILLO, CHRISTOPHER FURUMO, AMY EPPING, LAURA FRAZIER, KRISTIN VASQUEZ, JESSICA MODROW, and JOHN/JANE DOES,<br><br>                Defendants. | Case No. 18-CV-1449-JPS<br><br>**ORDER** |

Plaintiff, proceeding in this action *pro se*, alleged that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. (Docket #12).[1] At the time he filed this action, Plaintiff was incarcerated at Waupun Correctional Institution. He has been a prolific and consistent filer in this case, as well as in his six additional cases pending before this Court. However, Plaintiff has not submitted a filing in any of his seven pending cases since August 2020.[2]

On January 22, 2021, a defendant in *Blackshear v. Foster*, Case No. 19-CV-1455-JPS, filed a motion to compel, informing the Court about Plaintiff's change of address. (*See* 19-CV-1455-JPS, Docket #53). Specifically, Plaintiff

---

[1] Docket citations herein that are not preceded by a specific case number refer to docket entries in the present action.

[2] Plaintiff's seven pending cases before this Court include Case Nos.: 18-CV-1445-JPS, 18-CV-1447-JPS, 18-CV-1448-JPS, 18-CV-1449-JPS, 19-CV-252-JPS, 19-CV-276-JPS, and 19-CV-1455-JPS.

was released from prison in November 2020. (*See* 19-CV-1455-JPS Docket #53 at 2, #54). Subsequently, in another of Plaintiff's cases, a letter sent by the Clerk's Office to Plaintiff at Waupun Correctional Institution was returned as undeliverable. (*See* 19-CV-276-JPS, Docket #68). At no point in the three months following his release from custody has Plaintiff updated his address with the Court.[3]

As a prodigious litigant, Plaintiff is well aware of his responsibility to advise the Court of any change of address. (Docket #12 at 6). Moreover, General Local Rule 5(a)(4) requires *pro se* parties like Plaintiff to keep the Court apprised of their contact information. Civil Local Rule 41(c) provides for dismissal of actions which are not being diligently prosecuted by a plaintiff. Applying these rules together to Plaintiff's case, the Court is obliged to dismiss this case without prejudice. Further, Defendants' pending motion for summary judgment, (Docket #28), as well as Plaintiff's pending motion for appointment of counsel and reconsideration, (Docket #47), and motion for preliminary injunction, (Docket #50), will be denied as moot.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket #28) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel and reconsideration (Docket #47) and for

---

[3] Additionally, Plaintiff has failed to respond to the defendant's motion to compel in Case No. 19-CV-1455-JPS, and the time in which to do so has now passed.

Page 2 of 3
Case 2:18-cv-01449-JPS   Filed 02/18/21   Page 2 of 3   Document 53

preliminary injunction (Docket #50) be and the same are hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly

Dated at Milwaukee, Wisconsin, this 18th day of February, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge